UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KORTNEY LEE ELZEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-355-HAB-SLC |
| KATHY HUFF and CHEYANNE NEUENSHWANDER, | |
| Defendants. | |

OPINION AND ORDER

Kortney Lee Elzey, a prisoner without a lawyer, filed an amended complaint about the medical care he received at the Huntington County Jail. ECF 16. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Elzey alleges that when he entered the Huntington County Jail in May 2023, he had swelling in his face with extreme pressure behind his left eye and was in severe pain. He believed he had an infection. He sent several requests to the jail nurse, Kathy Huff, asking for medical attention. Nurse Huff did not respond until August, when she

prescribed him an antibiotic without even seeing him. But Confinement Officer Cheyanne Neuenshwander continuously changed the dosage of the prescription on her own, without authorization of medical staff.

Elzey also alleges that he notified Nurse Huff when he entered the jail about the mental health medication he had been taking. But he was not prescribed any mental health medication until September 2023, four months later. He complains that the medication was not comparable to what he had been prescribed by his doctor. When he began receiving his mental health medication, he alleges that Officer Neuenshwander began changing the dosages in the medical book on her own accord. She told him that she was following the doctor's orders, but when Elzey filed a complaint with a nurse, he learned that the doctor had not changed the medication orders. Officer Neuenshwander told him at one point that she didn't like him, and he attributes her actions to her personal dislike of him.

Elzey alleges that he overdosed because of Officer Neuenshwander's actions. For two days in September 2023, he had severe chest pains, difficulty breathing, and extreme pain. He reports that Officer Neuenshwander was fired for tampering with his medication.

Elzey states that he is serving a criminal sentence at the jail. ECF 16 at 4. Therefore, the Eighth Amendment standards apply to this case. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-52 (7th Cir. 2018). Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the violation of this right, a prisoner must allege: (1) he had an objectively seriously

2

medical need; and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). However, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

On the second prong, "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965. At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). Delay in responding to an inmate's serious medical condition can reflect deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, persisting with a course of treatment known to be ineffective can constitute deliberate indifference. *Berry*, 604 F.3d at 441.

3

Elzey plausibly alleges that the severe pain and swelling in his face was a serious medical need, and the three-month delay in providing treatment states a claim against Nurse Huff. Similarly, he plausibly alleges that his mental health condition that required medication is a serious medical need, and the four-month delay in receiving medication for that condition states a claim against Nurse Huff as well. However, his complaints about the type of medication he received does not state a claim because he is not entitled to demand specific care, and there are no facts alleged that the medication prescribed fell outside the range of reasonable treatment options.

Elzey also states a claim against Officer Neuenshwander for tampering with his medication. As a nonmedical officer, her action in changing the medication dosages on her own plausibly shows deliberate indifference to Elzey's health.

Elzey does not state a claim against the remaining defendant, Jail Commander Debbie Meier. She cannot be held liable for the actions of the people who work at the jail, just because she supervises them. *See Burks v. Raemisch*, 555 F.3d 592, 594-596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Instead, she must have some personal involvement in the alleged constitutional violation. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). For a supervisor, personal involvement could be found if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Elzey says that Commander Meier "was made aware of these issues multiple times and ignored it." ECF 16 at 5. But he does not detail how she was made aware of the issues or what

4

specifically he communicated to her. Thus, there are no facts from which it can be plausibly inferred that Commander Meier facilitated, approved, condoned, or turned a blind eye to any unconstitutional action. She will be dismissed.

For these reasons, the court:

(1) GRANTS Kortney Lee Elzey leave to proceed against Nurse Kathy Huff in her individual capacity for compensatory and punitive damages for delaying treatment for his face pain and swelling and for his mental health condition after he entered the Huntington County Jail in May 2023 in violation of the Eighth Amendment;

(2) GRANTS Kortney Lee Elzey leave to proceed against Confinement Officer Cheyanne Neuenshwander in her individual capacity for compensatory and punitive damages for changing the dosages of his medication without medical authorization, resulting in an overdose in September 2023 in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Debbie Meier;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Kathy Huff at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 16);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Cheyanne Neuenshwander at the Huntington County Jail, with a copy of this order and the complaint (ECF 16);

(6) ORDERS Quality Correctional Care, LLC, and the Huntington County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Kathy Huff and Cheyanne Neuenshwander to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 29, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT