UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KORTNEY LEE ELZEY, <br><br> Plaintiff, <br><br> v. <br><br> KATHY HUFF, *Jail Nurse, et al.*, <br><br> Defendants. | CAUSE NO. 1:23-cv-00355-HAB-SLC |

OPINION AND ORDER

Kortney Lee Elzey, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Nurse Kathy Huff in her individual capacity for compensatory and punitive damages for delaying treatment for his face pain and swelling and for his mental health condition after he entered the Huntington County Jail in May 2023 in violation of the Eighth Amendment[.]" ECF 20 at 5. Second, he is proceeding "against Confinement Officer Cheyanne Neuenshwander in her individual capacity for compensatory and punitive damages for changing the dosages of his medication without medical authorization, resulting in an overdose in September 2023 in violation of the Eighth Amendment[.]" *Id.* Officer Neuenshwander filed a motion for summary judgment, arguing Elzey didn't exhaust his administrative remedies before filing this lawsuit. ECF 41.[1] Elzey filed a response. ECF 50, 51, 52. Officer Neuenshwander filed a reply. ECF 59. Elzey filed a surresponse, and Officer

---

[1] Nurse Huff has not moved for summary judgment.

Neuenshwander filed a surreply. ECF 61, 62. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Officer Neuenshwander provides an affidavit from Debbie Meier, the Jail Commander at the Huntington County Jail, who attests to the following facts: At all relevant times, the Huntington County Jail had an active Inmate Grievance Procedure, which is available to inmates through the cell-block computer kiosk. ECF 42-1 at 10. Under the policy, inmates must complete two steps to exhaust a grievance. *Id.* at 10, 92. First, the inmate must submit a formal grievance through the cell-block computer kiosk and wait for a response from the Jail. *Id.* Second, if the inmate is dissatisfied with the Jail's response to his grievance, he "must appeal, on the kiosk system, using the grievance appeal option, to the next higher level in the chain of command, within 5 days of receiving the assigned officer's response." *Id.* Command staff will answer the appeal, which will be the final authority. *Id.*

On September 15, 2023, Elzey filed Grievance No. 7867399, complaining he'd been receiving the incorrect dosage of his medication. ECF 42-1 at 5-6, 46. On September 19, 2023, the jail responded to Grievance No. 7867399, advising Elzey to notify the medical department to see if they needed to follow up. *Id.* at 6, 46. A few hours later, Elzey filed a new grievance, Grievance No. 7888942, complaining he needed to speak with the sheriff about this issue. *Id.* at 6, 47. The next day, the jail responded to Grievance No. 7888942, asking Elzey whether he'd informed medical staff about the issue. *Id.* Less than fifteen minutes after the Jail's response, Elzey submitted a third grievance, Grievance No. 7896421, stating he did speak with the nurse and wanted to

3

pursue charges. *Id.* at 6, 48. The Jail responded to Grievance No. 7896421 the next day, informing Elzey his comments would be forwarded along. *Id.* at 7, 48. Elzey never appealed any of the Jail's responses to his three grievances. *Id.* at 10. Because neither party disputes these facts, the court accepts them as undisputed.

  Officer Neuenshwander argues Elzey didn't exhaust his available administrative remedies before filing this lawsuit because he filed three relevant grievances but never appealed the Jail's response to any of the grievances. ECF 42. In his response, Elzey concedes he never appealed any of the Jail's responses to his grievances. ECF 51. The court therefore accepts that as undisputed. Instead, Elzey argues he had no available appeal remedy because the electronic kiosk instructs inmates to submit an appeal but doesn't actually provide a working appeal process. *Id.* at 4. Moreover, he argues he has attempted to submit hand-written grievance appeals, which were rejected by jail staff. *Id.*

  In her reply, Officer Neuenshwander provides a supplemental affidavit from Jail Commander Meier, who describes and provides screenshots showing the exact step-by-step process inmates should take to appeal a grievance through the electronic kiosk. ECF 59-1. In his sur-response, Elzey asserts this kiosk appeal process did not work at the time he filed his grievances in September 2023, but rather became available on August 13, 2024, after he filed his response to the summary judgment motion. ECF 61 at 2-3. In her sur-reply, Officer Neuenshwander provides evidence Elzey successfully appealed a grievance on January 24, 2024, and argue this refutes his claim that the appeal process wasn't available until August 13, 2024. ECF 62 at 4-5; ECF 62-1.

4

Here, while Officer Neuenshwander provides evidence Elzey was able to appeal one of his grievances on January 24, 2024, this doesn't disprove Elzey's assertion the electronic kiosk's appeal process was unavailable at the time he filed his relevant grievances in September 2023. Rather, Jail Commander Meier attests the electronic kiosk appeal process was available to inmates at that time, while Elzey attests the electronic kiosk appeal process was not available at that time. This creates a genuine dispute regarding whether the electronic kiosk appeal process was available to Elzey at the time he filed his relevant grievances in September 2023. Resolving this dispute will require a hearing as explained in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless Officer Neuenshwander files a motion requesting it.

For these reasons, the motion for summary judgment (ECF 41) is **DENIED**. Officer Neuenshwander is **CAUTIONED** that if a *Pavey* hearing is not requested by **January 13, 2025**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED on December 30, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT JUDGE