UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KORTNEY LEE ELZEY,

Plaintiff,

v.

KATHY HUFF, *Jail Nurse, et al.*,

Defendants.

Cause No. 1:23-cv-00355-HAB-ALT

## OPINION AND ORDER

Kortney Lee Elzey, a prisoner without a lawyer, filed three motions to compel responses to his discovery requests from the defendants. (ECF 132, ECF 141, ECF 159). Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Elzey proceeds in this case on an Eighth Amendment claim against Nurse Huff for acting with deliberate indifference to his medical needs by delaying treatment for his face pain and swelling and for his mental health condition after he entered the Huntington County Jail in May 2023. (ECF 20). He also proceeds on an Eighth Amendment claim against Officer

1

Neuenschwander for acting with deliberate indifference to his medical needs by altering medication dosages without medical authorization in September 2023. (*Id.*).

On October 14, 2025, Elzey served a first set of requests for production directed at Officer Neuenschwander seeking her employment file with the Huntington County Jail. (ECF 127). On October 17, 2025, Officer Neuenschwander responded that her employment file was not within her possession. (ECF 129). On the same day, Elzey served a second set of requests for production directed at Officer Neuenschwander seeking various grievances and medical policies. (ECF 130). On November 25, 2025, Officer Neuenschwander responded that these documents were not within her possession. (ECF 137).

Elzey then filed two motions to subpoena the Huntington County Jail for the documents he was unable to obtain from Officer Neuenschwander. (ECF 132, ECF 141). On February 25, 2026, the Court converted the motions to subpoena to motions to compel and ordered Officer Neuenschwander to respond to the motions by either producing the requested documents or explaining what efforts were made to obtain them. (ECF 161). On March 31, 2026, Officer Neuenschwander produced the documents that she obtained from the Huntington County Jail in response to Elzey's discovery requests. (ECF 170, ECF 171). These documents appear to be responsive, and Elzey has lodged no further objections. Consequently, the Court finds that the two motions to compel are now moot.

Elzey also filed a third motion to compel directed at Nurse Huff. (ECF 159). On October 17, 2025, Elzey served a request for production directed at Nurse Huff for his medical requests, medical policies, her professional credentials and licenses, and medical records. (ECF 131). On January 21, 2026, Nurse Huff produced the requested medical records. (ECF 148-1). In the motion to compel, Elzey argues that Nurse Huff should also produce his medical requests,

medical policies, and her professional credentials and licenses. Nurse Huff responds that Officer Neuenschwander has already produced the medical requests, citing ECF 145-1. It also appears that Officer Neuenschwander has already produced the requested medical policies. (ECF 171-1). Elzey does not suggest that these documents are insufficient to satisfy the discovery requests directed at Nurse Huff, so the motion to compel is denied with respect to medical requests and medical policies.

By contrast, Nurse Huff offers no objection to the request for her professional credentials and licenses. The request does not seem unreasonable, so the Court will grant the motion to compel with respect to this discovery request.

Next, Elzey filed a motion for default judgment based on Officer Neuenschwander purported failure to produce discovery in response to the Court's prior order. (ECF 176). He then filed a motion to withdraw the motion for default judgment on the basis that he had received the discovery in the mail. (ECF 178). The Court will grant the motion to withdraw the motion for default judgement.

Additionally, Officer Neuenschwander filed a motion seeking leave to file a single brief that would serve as the response in opposition to Elzey's motion for summary judgment and as the reply in support of her motion for summary judgment. (ECF 160). She clarifies that Elzey has not filed a motion for summary judgment as an independent filing but has instead asked for summary judgment in his favor within his response to Officer Neuenschwander's motion for summary judgment. (ECF 152, ECF 153). She also filed a motion seeking clarification about the interplay between the summary judgment briefing schedule and the discovery disputes now resolved by this order. (ECF 167). Given the unusual manner in which Elzey requested summary judgment and given that no party has objected, the Court will grant leave to file a single brief to

serve as the response in opposition to Elzey's motion for summary judgment and as the reply in support of her motion for summary judgment. The Court will also set an appropriate deadline.

For these reasons, the Court:

(1) DENIES as MOOT the motions to compel (ECF 132, ECF 141);

(2) PARTIALLY GRANTS the motion to compel (ECF 159);

(3) ORDERS Kathy Huff to produce the discovery as set forth in this Order by May 22, 2026;

(4) GRANTS the motion to withdraw the motion for default judgment (ECF 178);

(5) DIRECTS the clerk to terminate the motion for default judgment (ECF 176);

(6) GRANTS the motions to extend and clarify (ECF 160, ECF 167); and

(7) ORDERS Cheyanne Neuenschwander to file a summary judgment brief by May 29, 2026.

SO ORDERED.

Entered this 30th day of April 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge